# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-10312
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
September 16, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Lonnie Charles Williams,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CR-213-1

---

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Appealing his sentence for possession of a firearm by a convicted felon, Lonnie Charles Williams objects to a four-level guidelines enhancement he received for possessing the firearm with intent to use it in connection with the Texas offense of aggravated assault with a deadly

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-10312

weapon. According to Williams, the district court misapplied Texas law by determining that merely carrying a rifle in public satisfies the threat element of the statute. A person commits the offense if he "intentionally or knowingly threatens another with imminent bodily injury," Tex. Penal Code § 22.01(a)(2), while "exhibit[ing] a deadly weapon," Tex. Penal Code § 22.02(a)(2). Williams acknowledges that pointing a firearm at someone would satisfy the threat element but notes that a surveillance video showed he did not point the rifle at anyone. He further contends that to apply the Texas statute in such a way that criminalizes the mere act of carrying a firearm in public would violate the Second Amendment. We review a district court's application of the Sentencing Guidelines *de novo*. *United States v. Luyten*, 966 F.3d 329, 332 (5th Cir. 2020).

Williams misconstrues the district court's ruling. The court did not determine that merely carrying a firearm in public satisfies the threat element of the aggravated assault statute. Instead, a witness testified that Williams left a small social gathering with strangers in an apartment complex common room after they questioned his combat experience and returned armed with a rifle and a machete. The court found that his specific conduct of "leaving and returning" to the pool room with the firearm was sufficient to constitute a threat to the three men playing pool, where there was no other explanation for the conduct. Williams does not challenge the sufficiency of that evidence and misapprehends the district court's ruling by focusing solely on the mere act of carrying a firearm. Because the district court did not rely on the reasoning that merely carrying a firearm violates the Texas law, Williams fails to show any error by the district court.

AFFIRMED.

2